## Baird v. The First Pennsylvania Bank. No. 2

*Myron H. Deutsch,* for plaintiffs.
*Miles H. Shore,* for defendant.

*BRADLEY, P. J.,* January 27, 1977 — This matter is before the court on defendants' preliminary objections to plaintiffs' complaint in equity.

Defendants first assert that plaintiffs may not maintain equity jurisdiction over the matters alleged in the complaint. This action was before the court previously on preliminary objections to the original complaint: 1 D. & C. 3d 665 (1976). The objection currently before the court was raised at that time. The court struck the original complaint because plaintiffs failed to set forth with specificity the equitable relief they are seeking.

In the amended complaint plaintiffs have requested only one specific form of equitable relief. They have alleged in count III of their complaint that defendants have made false or misleading statements about plaintiffs to creditors. These statements, they allege, have severely damaged their credit rating. Plaintiffs have asked the court to require defendants to correct the statements previously made to creditors.

The court finds that plaintiffs are not entitled to the requested relief. Equitable relief is prevented by the well established principle barring injunctions against defamation. See Mozzocone v. Willing, Pa. Superior Ct., 369 A.2d 829 (1976). In Mozzocone the court held the rule against injunctions was not absolute. However, the court made it clear that an exception would be found in only the clearest and most deserving of cases. The present action does not involve such an extreme case.

Plaintiffs have also sought equity jurisdiction in count II of their complaint. However, they have failed to indicate in that count what sort of equitable relief they are seeking. The cases cited in paragraph 31 of the complaint involved requests for specific equitable relief, and in addition are factually remote from the present case. It is clear from a reading of count II that plaintiffs are in essence seeking consequential monetary damages for defendants' alleged breach of contract. This is properly an action at law.

Accordingly, the court is dismissing plaintiffs' request for equitable relief and certifying the amended complaint to the law side.

Defendants also object to count III of the complaint on the grounds of lack of sufficient specificity. Count III seeks damages in trespass for defamation. The court agrees with defendants that plaintiffs must allege the defamatory statement or statements with more specificity than they have done in count III. However, the court feels that plaintiffs should be permitted a period of time in which to seek discovery before they are required to amend the complaint. Accordingly, the court is denying defendants' second objection at this time. Defendants may reassert the objection at a later time, if they deem it necessary.

It is therefore

## ORDERED

This January 27, 1977, that plaintiffs' complaint in equity be, and hereby is, certified to the law side. Defendants' objection to count III of the complaint is stricken, with leave to reassert the objection at a later time by filing a motion for reconsideration with the court.